# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ELIZABETH BABB, | ) |
| Plaintiff, | ) CIVIL ACTION FILE NO.: |
| vs. | ) |
| COSTCO WHOLESALE CORPORATION; AND JOHN DOE 1-3, | ) Removed from Gwinnett Co. Civil Action File No.: 20-C-07480-S3 |
| Defendants. | |

## NOTICE OF REMOVAL

Defendant Costco Wholesale Corporation (referred to herein as "Defendant") hereby removes Case No. 20-C-03760-S4 from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and as grounds for its removal state as follows:

### STATEMENT OF THE CASE

1. On June 18, 2020, Plaintiff Elizabeth Babb filed suit against Defendant in the State Court of Gwinnett County, Civil Action File No. 20-C-07480-S3, which county is within the Atlanta Division of this Court. *See* 28 U.S.C. § 90(c)(1).

2. Defendant was served with the Summons and Complaint for Damages on March 19, 2021. A true and accurate copy of the Summons and Complaint is attached hereto as **Exhibit A**.

3. The Parties entered into a joint stipulation to extend Defendant's time to Answer the Complaint until June 1, 2021. See **Exhibit B**. Defendant timely answered Plaintiff's Complaint for Damages on May 28, 2021. See Answer attached hereto as **Exhibit C**.

4. In the Complaint, the Plaintiff alleges that as a result of Defendant's failure to exercise reasonable care in their operations of a Costco Wholesale Store, caused a substance to remain on the floor creating a fall risk which causing her fall resulting tin bodily injuries. Exhibit A at ¶ 19.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A)**

5. Removal to this Court is proper under U.S.C. §§ 1332 and 1441 because there is complete diversity between Plaintiff and Defendant, and it is believed that the amount in controversy is greater than $75,000, exclusive of interest, costs, and attorney's fees.

6. Plaintiff Elizabeth Badd is a citizen and resident of the State of Georgia.

7. Pursuant to 28 U.S.C. § 1332, Defendant Costco Wholesale Corporation is a citizen of Washington.

8. Defendant Costco Wholesale Corporation is incorporated in the State of Washington, and its principal place of business is in Issaquah, Washington, where its headquarters and the bulk of Costco's executive and administrative

functions are located. By way of further support, copies of the Washington Secretary of State and Georgia Secretary of State profiles for Costco Wholesale Corporation are attached hereto as **Exhibits D and E**, respectively.

9. Under the facts alleged in Plaintiff's Complaint, Defendant does not share a common state citizenship with the Plaintiff in Georgia. Therefore, there is complete diversity between Plaintiff and Defendant in this action.

10. Plaintiff does not pray for a sum certain in the Complaint. However, it appears the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest, costs, and attorney's fees, as Plaintiff is alleging "she suffered and continues to suffer" from bodily injuries. Ex. A at ¶¶ 10-11. Plaintiff also alleges that she has incurred medical expenses for the treatment of these injuries and anticipates future medical expenses. Id. at ¶ 10. Finally, Plaintiff is seeking to recover for lost capacity for the enjoyment of life, lost ability to work, and is seeking lost wages. (Id.)

11. If any question should arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of their position that the case is removable. *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014) (holding that a defendant's notice of removal need include only a plausible allegation that the jurisdictional threshold is met, and evidence establishing the amount in controversy

is required by 28 U.S.C. § 1446(c)(2)(B) only when the defendant's allegation is challenged).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

12.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, orders, and documents from the State Court Action which have been served upon Costco Wholesale Corporation are being filed with this Notice of Removal.

13.     This Notice of Removal has been filed within 30 days of the date that Costco Wholesale Corporation, was served with the Summons and Complaint in this matter on June 22, 2020.  Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and § 1446(a) because the U.S. District Court for the Northern District of Georgia is the federal judicial district embracing the State Court of Gwinnett County, Georgia, where the State Court Action was originally filed.

15.     Costco has given written notice of the filing of this Notice of Removal to the Plaintiff by notifying Plaintiff's attorney Brandyn L. Randall of Morgan & Morgan Atlanta, PLLC.  A written notice is being filed with the Clerk of the State

Court of Gwinnett County at the same time as the filing of this Notice; a copy of said notice is attached hereto as **Exhibit F**.

16.  The undersigned has read this Notice of Removal. To the best of the undersigned's knowledge, information, and belief, after reasonable inquiry, this Notice is well-grounded in fact and is warranted by existing law, and has not been interposed for any improper purpose, such as to harass, cause unnecessary delay, or a needless increase in the cost of litigation.

## CONCLUSION

By this Notice of Removal, Costco Wholesale Corporation does not waive any objections that they may have as to service, jurisdiction or venue, or any other defenses or objection they may have to this action. Costco Wholesale Corporation intends no admissions of facts, law or liability by this Notice, and expressly reserves all defenses, motion and/or pleas.

**WHEREFORE** Defendant Costco Wholesale Corporation pray the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 16TH day of June, 2021.

        MCGREW MILLER BOMAR & BAGLEY, LLC

By: */s/ Heather H. Miller*
_____
HEATHER H. MILLER
Georgia Bar No. 506756
COLLEEN E. CALLAGHAN
Georgia Bar No. 176380
*Counsel for Defendant*

50 Hurt Plaza, SE, Suite 1200
Atlanta, GA  30303
(404) 410-8410 (Phone)
hmiller@mmbblaw.com
ccallaghan@mmbblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via CM/ECF and/or by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Brandyn L. Randall<br>
Morgan & Morgan Atlanta, PLLC<br>
P.O. Box 57007<br>
Atlanta, GA  30343-1007<br>
brandall@forthepeople.com

This 16TH day of June, 2021.

MCGREW MILLER BOMAR & BAGLEY, LLC

*/s/ Colleen Callaghan*

HEATHER H. MILLER
Georgia Bar No. 506756
COLLEEN E. CALLAGHAN
Georgia Bar No. 176380
*Counsel for Defendant*

50 Hurt Plaza, SE, Suite 1200
Atlanta, GA  30303
(404) 410-8410 (Phone)
hmiller@mmbblaw.com
ccallaghan@mmbblaw.com